# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-721


**REESE S. MARTIN**

**VERSUS**

**STEVE DELIA & ASSOCIATES, LTD., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 88,495, DIV A
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Mitchel M. Evans, II**
**416 North Pine Street**
**DeRidder, LA 70634**
**(337) 462-5225**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Reese S. Martin**

**Elvin C. Fontenot, Jr.**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Raymond C. DesJardins**
    **Joanna DesJardins**

**Emmett C. Sole**
**H. Alan McCall**
**Ross M. Raley**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**One Lakeside Plaza, Fourth Floor**
**Lake Charles, LA 70601**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Steve Delia & Associates, Ltd.**
    **Steven F. Delia**

**PETERS, J.**

The plaintiff, Reese S. Martin, appeals a trial court judgment granting separate summary judgments of the defendants, Steve Delia & Associates, Ltd. and Steven F. Delia, and Raymond and Joanna DesJardins; and dismissing his claims against the defendants. For the following reasons, we affirm the trial judgment in all respects.

## DISCUSSION OF THE RECORD

On July 31, 2012, Mr. Martin purchased a city lot with improvements in Rosepine, Louisiana, from Raymond and Joanna DesJardins. Steven F. Delia is the owner of Steve Delia & Associates, Ltd., the real estate agency handling the sale. On August 28, 2013, Mr. Martin filed an action to rescind the sale and named the DesJardins, Mr. Delia, and his agency as defendants. The basis of Mr. Martin's suit was that the former owners and Mr. Delia failed to disclose defects in the property.

The matter is now before us because the trial court granted motions for summary judgment filed by Mr. Delia and his agency on July 9, 2014, and by the DesJardins on July 30, 2014. The trial court issued oral reasons for granting the defendants' relief in an October 6, 2014 hearing on the motions. On November 13, 2014, the trial court executed a judgment dismissing Mr. Martin's suit against the defendants, and thereafter, he perfected this appeal. His sole assignment of error asserts the following:

> The trial court erred as a matter of law and fact in granting Defendant's [sic] Motion For Summary Judgment as to all claims and all Defendants, when the only evidence/affidavits/pleadings presented by Defendants solely addressed one of MARTIN's claims that his home was rendered uninhabitable as a result of either rainwater and/or sewerage intrusion.

## OPINION

Although La.Code Civ.P. art. 966 has undergone significant changes in the past three years, certain procedural aspects of summary judgment issues remain the same. For example, the standard of review by this court remains well settled. "Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755. Additionally, the summary judgment procedure has retained its statutorily mandated "favored" status and retains as its purpose "to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). With regard to the type of evidence the trial court may consider, and the burden to be met, La.Code Civ.P. art. 966(B)(2) provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

With regard to the burden of proof, La.Code Civ.P. art. 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In his petition, Mr. Martin asserted that after purchasing the property, he and his three children moved into the residence situated thereon; and shortly thereafter,

everyone began experiencing respiratory problems. Mr. Martin further asserted in his petition that an investigation into the cause of the respiratory problems led to the discovery of mold on several surfaces in the home. He claims that he then retained Air Marshalls Environmental Consultants (Air Marshalls), an accredited mold-inspection organization, to inspect the home. The subsequent report prepared by Air Marshalls, according to Mr. Martin's pleadings, revealed an unacceptably high humidity and moisture content within the home as well as high or moderately high levels of surface mold.

According to his pleadings, after he received Air Marshalls' investigative report on June 19, 2013, Mr. Martin and his children vacated the property. Thereafter, he discovered from further investigation that the home had a history of flooding problems, both from rainwater and sewerage backups into the home. Mr. Martin asserts that all of the defendants had knowledge of these defects in the property and failed to disclose them to him prior to the purchase. Mr. Martin attached the following exhibits to his original petition:

> Documents from the Vernon Parish Clerk of Court's office containing recording information of a mortgage on the property executed by Mr. Martin, as well as a copy of the mortgage itself;

> Copy of the Air Marshalls Environmental Consultants report;

> Affidavit of David Gibson;

> Copy of a November 17, 2007 letter from JoAnna DesJardins to the Village of Rosepine, with attachments reflecting a settlement from the Village of Rosepine for $2,145.25;

> Document entitled "**INFORMATIONAL STATEMENT FOR LOUISIANA RESIDENTIAL PROPERTY DISCLOSURE**" relative to a parcel different from the one at issue in this litigation;

> Cost of the real estate listing agreement between Mr. Delia's agency and the DesJardins;

> Copy of demand letter from Mr. Martin's attorney to the DesJardins;

Copy of a July 22, 2013, damage estimate from Bruce C. Martin Construction to Mr. Martin in the amount of $19,500.00;

Documents from the Vernon Parish Clerk of Court's office containing recording information of the transfer of the immovable property from the DesJardins to Mr. Martin, as well as a copy of the cash deed itself; and

Copy of a June 20, 2013 letter from Armed Forces Insurance, with an insurance policy attached, to Mr. Martin's attorney denying coverage for the mold infestation.

In their motion for summary judgment, Mr. Delia and his agency asserted that Mr. Delia provided Mr. Martin with all the information he had concerning the property, including any prior sewage problems and the potential for flooding. In the alternative, they asserted that Mr. Martin could not establish that the mold was caused by flooding or sewer problems, and that his claim had prescribed. Mr. Delia and his agency attached the following exhibits to their summary judgment motion:

Affidavit of Steven F. Delia, with attachments;

Affidavit of Monya Gott, with attachments; and

Excerpts from Mr. Martin's deposition.

In their motion for summary judgment, Mr. and Mrs. DesJardins asserted that they had no direct communication with Mr. Martin before the sale and that they disclosed all of the information they possessed concerning the property to Mr. Delia. Additionally, they assert that the transfer of the immovable property was an "as is" sale; that Mr. Martin could not establish that the mold was caused from the flooding events; and that Mr. Martin's claim has prescribed. The DesJardins attached the following exhibits to their motion for summary judgment:

Affidavit of Steven F. Delia, with attachments;

Affidavit of Monya Gott, with attachments;

Excerpts from Mr. Martin's deposition;

4

Affidavit of James R. Lestage; and

Cash sale deed between the DesJardins, as seller, and Mr. Martin, as purchaser.

Mr. Martin filed a brief in opposition to the summary judgment motions, but attached no exhibits. At the trial on the motions, the defendants' exhibits were introduced into evidence without objection. When Mr. Martin attempted to introduce all of the attachments to his petition into evidence, counsel for Mr. Delia and his agency objected on the ground that only the affidavit of Mr. Gibson met the requirements for evidence in a summary judgment proceeding. The trial court agreed and rejected the filing of all of the attachments except Mr. Gibson's affidavit.[1] However, upon further review, the trial court rejected Mr. Gibson's affidavit for the reason that its content reflected no firsthand knowledge that the subject property actually flooded several times while the DesJardins resided therein.[2]

The cash sale deed transferring the property from the DesJardins to Mr. Martin contains the following limiting language:

> The property is sold in "AS IS" condition without in any way limiting the exclusion of warranties hereinabove set forth, and as material and integral consideration for the execution of this act of sale by Seller, Purchaser specifically and forever waives and releases Seller from any and all claims and/or causes of action which Purchaser(s) have, may have or hereafter may be otherwise entitled to based on the vices of the thing sold, whether in the nature of redhibition, *quanti minoris* or concealment or based on any other theory of law, the Purchaser assuming the risk as to all defects, including latent defects not discoverable upon simple inspection, and including those knowledge of which would deter the Purchaser from

---

[1] On appeal, Mr. Martin argues that it was error for the trial court to reject the report prepared by Air Marshalls because it was a document prepared in the regularly conducted business activity of Air Marshalls and not hearsay. However, because Mr. Martin did not object at trial, he, thereby, failed to preserve that issue for consideration on appeal. *See* Uniform Rules-Court of Appeal, Rule 2-12.4(A)(9)(C).

[2] Mr. Gibson could only assert in his affidavit that he had conversations with Mr. DesJardins concerning the flooding and that he observed carpet rolled up and left at the curb for pickup by the City of Rosepine on occasions after heavy rains.

making the purchase at all or paying the price paid. Purchaser also acknowledges that Purchaser has inspected or caused to be inspected any and all improvements located on the property sold and that Purchaser is entirely satisfied with the conditions of said improvements.

The remaining evidence considered by the trial court established that the real estate agency managed the subject property as a rental for the DesJardins beginning in May of 2009 and leased the property to Roman and Chereke Henderson between August 3, 2009, and August 31, 2010. In his affidavit, Mr. Delia acknowledged that a sewer line blockage affecting the property occurred in early August of 2009, and when he contacted the DesJardins, he was told that it had backed up one time before. The August 2009 problem was resolved when the City of Rosepine removed a blockage from a city main sewer line, and A Plus Plumbing installed a backwater check valve on the property on August 8, 2009. Mr. Delia also was aware that the City of Rosepine's main sewer had backed up again in 2011, but he had no information to suggest that the incident caused a backup into the subject property on that occasion. He was also aware that the DesJardins had previously constructed a structure along the back of the home to prevent rainwater from reaching the rear door, but was not aware that any rainwater had reached the inside of the house. In his affidavit, Mr. Delia also asserted that he pointed out the backyard rainwater control structure and disclosed the prior sewer problems to Mr. Martin prior to the sale. Mr. Delia professed to have no knowledge of the existence of mold in the house at any time.

Monya Gott was identified in her affidavit as an employee of Mr. Delia's agency, who worked on the sale of the property to Mr. Martin. In her affidavit, she pointed out that the property listing "specifically disclosed the 'cement berm in back was placed to direct run off water from across the back porch.'" She further asserted that prior to the consummation of the sale, she was present at a meeting

6

between Mr. Delia and Mr. Martin, wherein Mr. Delia specifically informed Mr. Martin of the prior sewer backup and overflow problems, as well as the corrective measures that had been taken. She also asserted that she was unaware of any mold problems within the property.

In his deposition testimony, Mr. Martin testified that he toured the house three to four times before the purchase, and saw the structure in the back yard used to divert the rainwater. He further acknowledged that Mr. Delia told him of the sewer problems and showed him the receipts from the City of Rosepine reflecting the amounts paid to prevent future backups and to clean the house. He also acknowledged that Mr. Delia told him that the purpose of the concrete structure in the back yard was to stop some water intrusion issues. Mr. Martin further acknowledged that he read the "as is" clause in the cash sale deed and asked no questions concerning its meaning. In his affidavit, Mr. Martin acknowledged that he never talked to the DesJardins concerning the property, and that all of his communication was through the agency.

James R. Lestage asserted, in his affidavit, that he practices law in Beauregard Parish and that he was the closing attorney in the sale of the immovable property from the DesJardins to Mr. Martin. He further asserted that he went over the contents of the closing documents with Mr. Martin and advised him of the "as is" language. According to Mr. Lestage, Mr. Martin responded that he clearly understood the clause and "understood that he was waiving any rights of redhibition he may have had to the extent allowable by law."

In its oral reasons for judgment, the trial court found no dispute over the fact that Mr. Delia provided Mr. Martin with a complete history of the flooding problems with the property. In summarizing its reasons for judgment, the trial court stated the following:

Quite frankly, this being an "as is" home all of the, the obligations of the buyer to disclose fully these things, all of the obligations to warrant any of the imperfections of the home that would make it unlivable are waived. So, simply on that I think the summary judgment is good. But, I think, further, beyond that the affidavits establish that the realtor and the buyers disclosed to Mr. Martin what they were able to disclose that would have alerted a reasonable person to the fact that there are some issues with this house that I need to investigate further and Mr. Martin admitted I knew these things before I bought it. I was aware there – there's – there was sewer back up. I was aware that there was a problem with water coming up to the – to the home and, and after some shrubs were taken out and it changed the, the layout of the backyard and that this berm was built for the reason of doing something about this water during heavy rains. If that's not enough notice, then I don't know what is, quite frankly, Counsel. So, I think that the evidence supports the fact that this plaintiff would not be able to prevail. There are no genuine issues of material fact and that as to the realtor and as to the buy – [sic] – the sellers in this case the Motions for Summary Judgment are granted.

Based on our *de novo* review of the record, we find no error in the trial court's conclusion that no genuine issues of material fact exist in this matter and that the defendants are entitled to relief as a matter of law. That being the case, we find no merit in Mr. Martin's assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment granting summary judgment in favor of Steven F. Delia, Steve Delia & Associates, Ltd., and Raymond and Joanna DesJardins, and dismissing the claims of Reese S. Martin against these defendants. We assess all costs of this appeal to Reese S. Martin.

**AFFIRMED.**